ALBANY,
Feb. 1827.

M'Farland
v.
Smith.

## M'Farland *against* Smith.

Assumpsit, tried at the *Washington* circuit, *December* 14*th*, 1825, before Walworth, C. Judge.

The action was founded on the following letter written by the defendant : " *April* 15*th*, 1824. *John Crary*, Esq. Dear, Sir, I have told *Richard* that if he can make an arrangement with his creditors here, that I will be responsible for the payment of the same in one year from this date ; and as I have not time to make the arrangement now, you may give them that assurance if referred to." (Signed) *Ezra Smith*. It appeared at the trial, that the defendant had written this letter, which was delivered to Mr. *Cra-ry* ; that *Richard*, named in the letter, was *Richard W. Smith*, a brother of the defendant. *Richard* owed the plaintiff on a note of $91,17, then due. A few days after the letter was received by Mr. *Crary*, he shewed it to the plaintiff, on his inquiring whether the defendant had given any assurance that *Richard's* debts should be paid. Other creditors of *Richard*, also called on Mr. *Crary* ; and some of them left their demands with him. The plaintiff, when he called, asked Mr. *Crary*, if the letter would legally bind the defendant to pay *Richard's* debts ; and Mr. *C.* answered that it would. In *June*, 1825, the attorney for the plaintiff gave the defendant notice of the debt due on the note, and demanded payment, which the defendant refused.

On these facts, the plaintiff rested. The defendant moved for a nonsuit, which was overruled.

The defendant then proved the existence of other demands against *Richard*, at *Salem*, where the letter was written, on which no agreements had been made to delay payment.

The objections taken to the plaintiff's recovery were, (among others,) that the defendant's letter was intended

S. wrote a letter in *Salem*, addressed to *C.* of *Salem*, stating that he, (*S.*) had told *R.*, his brother, that if he (*R.*) could make an arrangement with his creditors there, (*Salem*,) he would be responsible for payment in one year.

*M.* was one of the creditors, and on the letter being shewn to him, he waited one year, and then demanded his debt of *S.* ; and brought an action on the promise contained in the letter. *R.* had other creditors at *Salem*, with whom no arrangements had been made.

*Held*, that the *promise* in the letter was upon the condition that an arrangement should be made with all the creditors at *Salem* ; and the action would not therefore lie.

*Held*, also, that if it referred to an arrangement with a single creditor, yet *M.*

must prove a binding agreement not to sue upon the original debt within the year ; and that there was nothing in the fact that he knew of the letter, and actually waited a year, which would authorise a jury to infer such an arrangement.

of an arrangement with *Richard's* creditors generally ; and that if an arrangement with any particular creditor was intended, yet that none had been shown with the plaintiff.

The judge overruled the first objection ; and left it to the jury to say, whether the plaintiff had agreed to delay the collection of his debt, on the faith of the letter, for one year. The defendant excepted to the decision and charge. The jury found for the plaintiff.

Other particulars will be found stated in the opinion of the court.

On the bill of exceptions,

*S. Stevens,* for the defendant, now moved for a new trial.

*J. Willard,* contra.

*Curia, per* SUTHERLAND, J. I think the judge erred in the construction of the letter, or agreement of the defendant, which is the foundation of this action. He charged the jury, that the true construction of that agreement was, *if any one of the creditors of Richard W. Smith* would agree to wait, and, in pursuance thereof, did wait for the payment of his debt, one year, he, the defendant, promised to pay the debt. Now it appears to me, from the terms of the letter, that the defendant contemplated an arrangement with the creditors of his brother at *Salem,* generally. He uses the plural noun, without adding the qualifying terms, *or any of them ;* and the very nature and object of the undertaking seem to imply an expectation and understanding on the part of the defendant, that the creditors generally should assent to it. The motive of the defendant must have been, either to prevent his brother's property, (if he had any,) from being sacrificed by his creditors, or to save him from arrest or imprisonment. Neither of these objects would be accomplished by the assent of a single creditor to the proposition. It appears from the testimony of Mr. *Crary,* that *Richard W. Smith,* the brother of the defendant, had just been admitted an attorney of this court: that the defendant had purchased a

library for him, and was desirous of having him remove from *Salem* to *Whitehall*, for the purpose of establishing himself in business at that place.   And it is to be inferred from the evidence, that the defendant apprehended that the creditors of his brother would not permit him to leave *Salem*, unless they had some security for their demands : or if they did, that he could not prosecute his profession, with any prospect of success, with these debts impending over him.

The intention of the defendant, therefore, as derived from the terms of his letter, is strongly corroborated by all the circumstances in the case.   Admitting the letter to contain a binding promise on the part of the defendant to pay the debts of his brother, in one year, it is *upon the condition* that his brother can make an arrangement with *all his creditors at Salem* for a year's indulgence.

Having instructed the jury as to the legal import of the contract, he further charged them, " that if they were satisfied from the testimony, that the plaintiff had agreed to wait and delay payment of his debt, so that he had no right to sue *Richard* for his debt for one year, then they must find for the plaintiff."

If the judge was right in the construction which he put upon the contract, then the legal proposition embraced in the succeeding part of the charge was undoubtedly correct, as an abstract proposition.   But the objection to it is, that there is not a particle of evidence in the case, that the plaintiff ever did make any agreement with the defendant or his brother *Richard*, or any one in their behalf, to suspend the collection of his debt against *Richard* for a single hour.   All the evidence on this point is contained in the testimony of Mr. *Crary*.   He states that the plaintiff called on him, and asked him if the defendant had given any assurance that *R. W. Smith's* debts would be paid. That the witness then showed the letter as containing the assurance which had been given by him.   That the plaintiff showed the witness a note against *R. W. Smith*. *That no other agreement whatever was made between witness and the plaintiff, that the plaintiff should wait on R. W.*

*Smith for his pay, than what might be inferred from the transaction stated.* The plaintiff asked the witness if the letter would legally bind the defendant to pay the debts of *R. W. Smith ;* and the witness answered in the affirmative. He requested the witness to keep the letter, and appeared to be satisfied.

There is nothing in this, that amounts to an agreement of any sort. The plaintiff might, the next day, have put his demand in suit, without the violation of any legal or moral obligation on his part. The charge of the judge was calculated to mislead the jury. They had a right to infer from it, that in the opinion of the judge, the evidence in the case warranted the conclusion that the plaintiff had made such an agreement, or that the fact of abstaining from suing, was equivalent to an agreement not to sue.

It was clearly proved that there were other creditors of *Richard* besides the plaintiff, by some of whom he was sued. On these grounds, we are of opinion that the verdict ought to be set aside, and a new trial granted.

We have not thought it necessray to express any opinion upon the other points raised in the case, because, according to our construction of the defendant's letter, it was, at most, a promise to pay the debts of *Richard* upon a certain condition, which the case shows conclusively never was complied with on the part of his creditors. Whether the defendant would have been bound to pay, if that condition had been complied with, it is of no importance to determine.

New trial granted.